## Kesselring v. Wakefield Realty Co.

December 16, 1949.

As Modified on Denial of Rehearing February 24, 1950.

W. Scott Miller, Judge.

Samuel Steinfeld for appellants.

C. Maxwell Brown for appellee.

Van Sant, Commissioner—Reversing.

The appeal is from a judgment declaring void Section 13 of the subdivision control regulations and restrictions for unincorporated areas in Jefferson County adopted by the Louisville, Jefferson County Planning and Zoning Commission.

Section 13 reads: "A fee of 1½ per cent of estimated cost of the physical improvements to the subdivision shall be posted by the subdivider prior to the beginning of constructions to cover the cost of inspections, investigations and checking period. This fee shall be posted with the proper parties as directed by the Louisville, Jefferson County Planning and Zoning Commission."

Being of the opinion that Section 13 of the regulations imposes a tax, the chancellor declared it to be in contravention of Section 28 of the Constitution which provides: "No person or collection of persons, being of one of those departments (legislative, executive, and judicial), shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

This section of the Constitution has been construed in many cases arising under various circumstances and conditions. One of the latest is Henry v. Parrish, 307 Ky. 559, 211 S. W. 2d 418. In concise and succinct language, the opinion in that case almost completely covers the law in respect to the question involved. Therein, attention is called to the fact that Section 28 of our Constitution forbids the delegation of legislative power to

administrative boards or agencies, constituting a part of the executive branch of the government. However, the author of the opinion makes note of the fact that the Legislature may authorize a board or agency charged with administering governmental functions to exercise administrative discretion in the performance of its duties. In explanation of this principle, the opinion quotes from Craig et al. v. O'Rear et al., 199 Ky. 553, 560, 251 S. W. 828, 831, the following language: " 'Therefore when we say that the Legislature may not delegate its powers, we mean that it may not delegate the exercise of its discretion as to what the law shall be, but not that it may not confer discretion in the administration of the law itself.' "

The opinion then concluded that the Board of Health, in adopting a schedule of fees for the inspection of food handling establishments in Louisville and Jefferson County, created a liability on the owners of such establishments which was not sanctioned by legislative authority. In other words, the General Assembly, by legislative enactment, had not provided for a fee to be fixed by the Board of Health in the exercise of an administrative discretion.

We are not met with that difficulty in this case. The Act creating and defining the duties of County Planning and Zoning Commissions, Chapter 100 of KRS, provides for the issuance of zoning permits and certificates of occupancy and authorizes the commission to "fix a reasonable schedule of fees for the issuance of such permits and certificates." KRS 100.074.

Appellee takes the position that the provision in respect to the schedule of fees relates only to permits or certificates of occupancy specially referred to in the next following section, KRS 100.075, and that no permit is required to create a subdivision. We cannot give the statute so narrow a construction. The section containing the provision as to the schedule of fees also contains authority for the appointment and compensation of officials of the Board. Undoubtedly their duties also relate to the planning of subdivisions. KRS 100.087 et seq. relate to the control and regulation of subdivisions as a part of the comprehensive plan of planning and zoning. No subdivision plan or plat can become effective until and unless it shall be approved by the Commission.

While neither the word "certify" nor "permit" appears in the initial provisions respecting subdivision plats, the endorsement or approval or disapproval thereof certainly constitutes a certification and permission. But in the section dealing with the result of a court decision on an appeal it is provided that "the commission shall certify said plat" with its endorsement and transmit the same to be recorded. KRS 100.091. The Act provides that no permit or certificate may issue until and after the Zoning and Planning Commission shall have determined that the applicant has conformed to an exhaustive plan, the determination of which necessarily requires the expenditure of a substantial sum of money. The language adopted by the Legislature indicates that it was its intention to permit the Zoning and Planning Commission to set the fees for the obtaining of permits or certificates in accordance with the amount of the work devolving upon the commission in its determination that the owner of a subdivision has complied with all the rules and regulations required by law and the board. We gather this intention from the use of the word "schedule" in the statute. Had the Legislature merely authorized the commission to fix "a fee" for the issuance of permits and certificates, we would have entertained some doubt concerning the right of the commission to charge more than a nominal amount for the issuance of such permits. But since it authorizes the commission to "fix a reasonable schedule of fees," we do not doubt that it was intended that the commission should schedule fees commensurate with the amount of work and study required of the commission to inspect the property, inspect and help prepare the plans of the subdivision, and finally to determine whether its rules and regulations have been conformed to.

Thus, by legislative enactment, the General Assembly has determined that a reasonable fee shall be charged to cover such expenditures, and no doubt conceiving the commission to be in better position to determine the schedule of such fees, the Legislature has left that determination to the discretion of the administrative agency. We do not perceive this to be a delegation of legislative power; on the contrary, we consider it to be the authorization to an administrative body to exercise its discretion within reasonable bounds that it may better administer the law pronounced by the Legisla-

ture. No contention is made that the commission has abused its discretion in fixing the schedule of fees under this authorization. We, therefore, are of the opinion the chancellor erred in declaring the regulations to be invalid.

The judgment is reversed with directions that another be entered in conformity with this opinion.